UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PATRICK RYAN JOHNSON #2019030233**                              CIVIL ACTION

**VERSUS**                                                                                      NO. 22-00119

**JUDGE BRIAN ABELS**                                                           SECTION: "M"(1)

REPORT AND RECOMMENDATION

Plaintiff, Patrick Ryan Johnson, a Louisiana state prisoner, filed this *pro se* federal civil rights action pursuant to 42 U.S.C. § 1983. He sued Louisiana Twenty-First Judicial District Court Judge Brian Abels, stating his claim as follows: "The Judge denied two plea deals the DA offered because he thought I would commit worse crimes if released. Considering I'm innocent until proven guilty would it not also make sense that a crime happen before I'm punished? I feel this violates my rights."[1] As relief, he requested only that this Court order Judge Able to "run my charges concurrent instead of consecutive."[2]

Plaintiff filed this action *in forma pauperis*. Concerning such actions, federal law requires:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
>  (i)  is frivolous or malicious;
>  (ii)  fails to state a claim on which relief may be granted; or
>  (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

---

[1] Rec. Doc. 1, p. 5.
[2] Id. at p. 6.

In addition, because plaintiff is incarcerated, his complaint is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

Although broadly construing the complaint,³ the undersigned nevertheless recommends that, for the following reasons, it be dismissed as frivolous and/or for failing to state a claim upon which relief may be granted.

As noted, plaintiff filed this lawsuit against Judge Abels pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

The problem for plaintiff is that § 1983 is not a proper vehicle to challenge Judge Abels' judicial acts or decisions. As was thoroughly explained by former United States Magistrate Judge Joseph C. Wilkinson in a Report and Recommendation subsequently adopted by United States District Judge Lance M. Africk:

> For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citing Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396

---

³ The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

> (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).
>
> In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief. Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541-42, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.
>
> The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a state judge in his official capacity. Guerin v. Higgins, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); Nollet v. Justices, 83 F.Supp.2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limits the relief available against a federal judge to declaratory relief). Thus, neither injunctive relief nor damages are available in [a] Section 1983 action against [a state judicial officer]. Tesmer v. Granholm, 114 F.Supp.2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F.Supp.2d at 210.
>
> Furthermore, to whatever extent, if any, that [a plaintiff] seeks an order … directing [a] judge to take action concerning [the] plaintiff's state court proceedings, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. *In re* Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, C.A. No. 96-3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.), aff'd, 115 F.3d 355, 356-57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); Norman v. Louisiana S.Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.). [A federal] court is without authority to order officials of the state court having jurisdiction over [a] plaintiff's criminal case to treat his claims in any particular way or to otherwise interfere with the rulings of its judges.

Hood v. Commissioner Foil, Civ. Action No. 15-5853, 2013 WL 6174614, at *3 (E.D. La. Nov. 21, 2013); accord Gemelli v. Louisiana, Civ. Action No. 19-13424, 2020 WL 3317033, at *6-7 (E.D. La. Apr. 29, 2020), adopted, 2020 WL 3297078 (E.D. La. June 18, 2020). Because plaintiff's

4

claims against Judge Abels concern actions taken within the scope of his role as a state judicial officer, they cannot proceed under 42 U.S.C. § 1983 for these same reasons.

Out of an abundance of caution, the Court will make one additional observation. To the extent that plaintiff is claiming that either his convictions or the sentences imposed by Judge Abels are unconstitutional, plaintiff can challenge those convictions or sentences only in a federal habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that when a plaintiff is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); accord Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994).

However, federal law generally requires that a state prisoner exhaust his remedies in the state courts before seeking such federal habeas corpus relief. 28 U.S.C. § 2254(b)(1). Regarding that requirement, the United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (footnote, citations, quotation marks, and brackets omitted). The exhaustion requirement is normally satisfied only if the prisoner previously presented his claims for relief to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Clearly, plaintiff has not yet exhausted his remedies by seeking relief from Louisiana's highest state court, the Louisiana Supreme Court. He noted in his complaint that he was convicted only approximately two months ago;[4] therefore, he has not yet had time to complete any direct-review proceedings even in the Louisiana First Circuit Court of Appeal, much less the Louisiana Supreme Court. Indeed, on January 25, 2022, the undersigned's staff confirmed with the Louisiana Supreme Court's Clerk of Court that plaintiff has filed no applications whatsoever with that court challenging his 2021 convictions and sentences. Because the Louisiana Supreme Court has never been afforded a fair opportunity to pass upon any such challenges, plaintiff has not yet exhausted his remedies in the state courts.

Where, as here, a plaintiff has not exhausted his remedies in the state courts, it is an exercise in futility to construe his § 1983 complaint in part as a federal habeas corpus petition. A court need not engage in such a futile act. See, e.g., Spikes v. Louisiana, Civ. Action No. 18-3759, 2018 WL 4376406, at *2 (E.D. La. July 5, 2018), adopted, 2018 WL 4363586 (E.D. La. Sept. 13, 2018).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims brought pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim upon which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[4] In the complaint, he gave his date of conviction as "12-8-21." Rec. Doc. 1, p. 3.

6

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 22nd day of February, 2022.

                                                **JANIS VAN MEERVELD**
                                                **UNITED STATES MAGISTRATE JUDGE**